IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE W. SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1136-WEB |
| ) | |
| NATIONAL CARRIERS, INC., and ) | |
| RAFAEL BAEZA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend his complaint to add "an allegation reflecting that the complaint was filed on behalf of the plaintiff and his insurance carrier as their interests may appear, all as required by K.S.A. 44-504." (Doc. 18.) Defendants oppose the motion. For the reasons set forth below, plaintiff's motion to amend shall be GRANTED.

### Background

This lawsuit stems from a 2002 motor vehicle accident. Plaintiff alleges Rafael Baeza was negligent and injured plaintiff. Plaintiff also alleges that because Baeza was employed by and driving National Carriers' truck when the accident occurred, National is also liable. Plaintiff apparently received workers compensation insurance benefits and seeks to add his

employer/insurer as its interest may be under K.S.A. 44-504.[1]

## Analysis

The standard for permitting a party to amend its complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989).  The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendants contend that the motion to amend is futile based on a statute of limitations defense.  Specifically, defendants argue that plaintiff had only one year after the accident to

---

[1] When an employer provides workers compensation benefits to an injured employee, K.S.A. 44-504 grants certain subrogation rights to the employer.  Plaintiff seeks to add allegations reflecting his employer's subrogation rights.

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

bring this lawsuit under K.S.A. 44-504 and thereafter his claim was assigned to his employer. Defendants assert that plaintiff's amended claim is barred because plaintiff failed to allege in the original complaint that the action was brought on behalf of both plaintiff and his employer.

The problem with defendants' argument is that their interpretation and application of K.S.A. 44-504 to defeat plaintiff's claim was rejected by the Kansas Supreme Court nearly 45 years ago. Lady v. Ketchum, 186 Kan. 614 (1960).[3] Defendants acknowledge Ketchum and its progeny but argue that the Kansas Supreme Court's holding in Ketchum is wrong and defendants' interpretation of K.S.A. 44-504 is correct.[4]  Because defendants cite no change in law to support their construction of K.S.A. 44-504, this court will follow the long-standing Kansas precedent established in Ketchum and reject defendants' argument that the proposed amendment is futile.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend **(Doc. 18)** is

---

[3] The circumstances and arguments in Ketchum are virtually identical to those raised in this case. In Ketchum, the Kansas Supreme Court affirmed the trial court's ruling which granted plaintiff's motion to amend to assert that the action was brought "by plaintiff on behalf of herself, her minor children, the deceased's employer and its insurance carrier, as their interest may appear." Id. at 621. Moreover, the court held that amendment "relates back" to the original complaint and that the action was not barred by either the eighteen-month or two-year statute of limitations. Id.  See also, Baird v. Phillips Petroleum Co., 535 F. Supp. 1371 (D. Kan. 1982)(citing additional Kansas cases and ordering amendment to add allegations concerning employer's subrogation rights).

[4] Defendants offer nothing to support their disagreement with established Kansas case law beyond the argument that Ketchum "cannot be reconciled with the plain and unambiguous language of the statute." This court does not sit as an appellate court for the Kansas Supreme Court and has no authority to overturn that court's interpretation of K.S.A. 44-504.

**GRANTED.** Plaintiffs shall file their amended complaint by **February 28, 2005.**

Dated at Wichita, Kansas this 23rd day of February 2005.

S/Karen M. Humphreys

KAREN M. HUMPHREYS
United States Magistrate Judge